<u>NOT FOR PUBLICATION</u>                                    [Docket No. 4 & 5]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| DANIEL F. HICKS, et al. | |
| Plaintiffs, | Civil No. 06-3949(RMB) |
| v. | |
| MONACO COACH CORP., et al., | **OPINION** |
| Defendants. | |

Appearances:

Edward J. Kelleher
Archer and Greiner
One Centennial Square
P.O. Box 3000
Haddonfield, New Jersey 08033
    Attorneys for Plaintiffs

Matthew T. Pisano
Segal, McCambridge, Singer & Mahoney, LTD.
103 Carnegie Center
Suite 103
Princeton, New Jersey 08540
    Attorneys for Defendants

**BUMB**, United States District Judge:

      This matter comes before the Court upon Plaintiffs' motion to remand the above captioned matter to the Superior Court of New Jersey, Camden County and Defendant Monaco Coach Corporation's motion to dismiss Count V of Plaintiffs' Complaint. This Court will first address Plaintiffs' motion to remand as it affects this Court's jurisdiction over the above-captioned

matter.

**Background:**

On July 10, 2006, Plaintiffs filed a complaint in the Superior Court of New Jersey, Camden County, Docket No. l-05-175-06, alleging several claims related to the purchase of a new 2003 Holiday Rambler 38PST Ambassador, manufactured by Monaco Coach Corp., ("Monaco"), from Garick R.V.  Defendant Monaco was served with a summons and complaint on July 20, 2006.  [Docket No. 1 at ¶ 2].  Defendant Garick R.V. was served on July 24, 2006 [Pls.' Ex. D].  On August 21, 2006, Defendant Monaco removed the above-captioned matter to this Court.  On September 5, 2006, Defendant moved to dismiss Count V of the Plaintiff's Complaint.  On September 29, 2006, Plaintiff moved to remand the matter to the Superior Court of New Jersey.

**Discussion:**

(1) Plaintiffs' Motion to Remand

Plaintiff asserts three alternative grounds in support of its motion to remand: a) the notice of removal was untimely filed; b) the notice of removal violates the "rule of unanimity"; and, c) issues of state law predominate and thus, remand is warranted.  Each ground will be discussed in turn.

*a) Notice of Removal Untimely:*

>28 U.S.C. § 1446(b) provides, in relevant part:
>
>notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting or the claim for relief....

Plaintiff argues that, although the summons and complaint were not served until July 20, 2006, Plaintiffs sent Monaco a copy of the Complaint as early as July 11, 2006, and therefore, notice of removal had to be filed by August 10, 2006, at the latest. (Pls.' Br. at 4-5).

Monaco argues that, because the thirty day time limit does not begin to run until service of the summons and complaint, they had until August 21, 2006 to file the notice of removal (because the 30 day period ended on August 19 - which fell on a Saturday). Defendant Monaco is correct -- the Supreme Court has clearly stated that mere receipt of the complaint unattended by any formal service does not trigger defendant's time to remove. Murphy Brothers Inc., v. Michetti Pipe Stringing Inc., 526 U.S. 344, 348 (1999). The Plaintiffs' argument has been soundly rejected -- "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Id. at 348-49;

3

Sikirica v. Nationwide Insurance Co., 416 F.3d 214 (3d Cir. 2005) (same).  Thus, Plaintiffs' first argument in favor of remand must be rejected.

*b) Violation of the Rule of Unanimity*

Because federal courts are courts of limited jurisdiction, the removal statute, 28 U.S.C. § 1441 et seq., is to be strictly construed.  See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 107 (1941); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  Section 1446(a) of Title 28 of the United States Code requires that "[a] defendant or defendants desiring to remove any civil action...shall file...a notice of removal."  Moreover, "[i]t is firmly established that § 1446 requires all defendants served in the state court action to join in or consent to removal."  Carter v. Ingersoll-Rand Co., 2001 U.S. Dist. LEXIS 2466 at *3 (E.D. Pa. Mar. 12, 2001) (citing Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985)); see Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995)("it is well established that removal generally requires unanimity among the defendants").  Moreover, it is "equally well established. . . that each defendant must join in the notice of removal or express its consent to removal within the thirty day period defined in 1446(b)."  Id. at * 3-4.

Failure of all defendants to join is a "defect in

removal procedure" within the meaning of Section 1447(c). Balazik, 44 F.3d at 213. The rule of unanimity advances "the congressional purpose of giving deference to a plaintiff's choice of state forum and of resolving doubts against removal in favor of remand." McManus v. Glassman's Wynnefield Inc., 710 F. Supp. 1043, 1045 (E.D. Pa. 1989)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). The unanimity rule may be disregarded, however, where (1) a non-joining defendant is an unknown and nominal party; or (2) where a defendant has been fraudulently joined. Balazik, at 213 n.4. Another exception exists where a non-resident defendant has not been served at the time the removing defendants filed their petition. Id.

At the time Plaintiffs filed their motion for remand, Defendant Garick R.V. "had not advised the court of its consent to the notice of removal within the thirty days permitted by the removal statute." (Pls.' Br. at 6). Defendant Monaco argues that the rule of unanimity has not been violated because, at the time Monaco filed the notice of removal, Garick R.V. had not been served and, even if they had been served, the Court should allow Defendants to cure the deficiencies in the removal petition because, as of October 6, 2006,[1] Defendant Garick R.V. has consented to the removal. [Def.'s Ex. B].

---

[1] This is more than 46 days after Monaco filed the notice of removal and approximately 74 days after Garick R.V. was served in the above captioned matter.

5

Monaco argues that this matter falls under the non-service exception to the unanimity rule because Plaintiffs' counsel never told Monaco or the Clerk of Court that Garick R.V. had been served and the court docket did not reflect such service.  Monaco states that a defendant "is required to obtain consent only from those co-defendants who it knew or should have known, in the exercise of reasonable diligence had been served" and that it exercised such diligence by "[r]epeatedly checking the docket and calling the Clerk of Court to determine status of service." [Def.'s Br. at 5].

This Court does not agree with Defendant Monaco. Regardless of the fact Monaco was not aware of it, Defendant Garick R.V. was indeed served at the time Monaco filed its notice of removal, see Pls.' Ex. B, and Defendant has conceded that fact in its brief. [See Def.'s Br. at 5 "While co-defendant Garick may have been technically served at the time Monaco filed the Removal Petition. . .."].

Defendant Monaco's attempt to shift the burden onto Plaintiffs to inform them of service is mislaid.  Other courts have rejected this approach and have held, as this Court holds, that removal in similar circumstances was defective and the case must be remanded.  See Leuzzi v. Dollar Tree Stores Inc., 2005 U.S. Dist. LEXIS 26701 at * 6 (E.D. Pa. Nov. 4. 2005)(holding that plaintiffs were not responsible for facilitating contact

between defendants and that the non-service exception did not apply and remand was warranted where co-defendants had been served); Johnson v. Vertis, Inc., 2002 U.S. Dist. LEXIS 20246 (E.D. Pa. Oct. 23, 2002)(refusing to excuse non-joinder of co-defendants in removal where the complaint clearly identified names and addresses of all defendants); Helman-Jones v. Anheuser-Busch, Inc., 2001 U.S. Dist. LEXIS 1828 (E.D. Pa. Feb. 21, 2001) ("28 U.S.C.S. § 1446 places no burden upon the plaintiff to advise the defendants that service has been made. The burden is upon the defendants to comply with the requirements for removal"). But see Laurie v. Nat'l R.R. Passenger Corp., 2001 WL 34377958 (E.D. Pa. Mar. 13, 2001)(excusing defective removal where defendant had been reasonably diligent).

     The certificate of service as attached to Plaintiffs' moving papers indicates that Garick R.V. was served on July 24, 2006. Because Garick R.V. had been served before Monaco filed its notice of removal, the notice of removal is defective and the case should be remanded. See Brown v. Camden County Prosecutor, 2006 U.S. Dist. LEXIS 48553 (D.N.J. July 18, 2006)(rejecting argument that lack of unanimity falls into the non-service exception where co-defendant had been served but had not yet entered an appearance); Alves v. Eagle Crane Services, Inc., 2006 U.S. Dist. LEXIS at *7-8 (E.D. Pa. Apr. 20, 2006) (ignoring defendants argument that the non-service exception applied where

state court docket did not indicate service because defendants had conceded that co-defendant had been properly served before notice of removal was filed and remanding case); Leuzzi, 2005 U.S. Dist. LEXIS 26701 at * 6 (holding that defendant had "the duty to insure that all defendants agreed to removal" and remanding where defendant failed to meet "that high burden").

As of October 10, 2006, Garick R.V. consented to the removal – approximately 74 days after service. [Def.'s Ex. B]. Because "all defendants must join in the notice of removal or otherwise consent to the removal within the thirty-day period set forth in 28 U.S.C. § 1446(b)," Garick R.V.'s consent has been submitted well beyond the 30 day period allowed and is thus, defective. Ogletree v. Barnes, 851 F. Supp. 184, 186-87 (E.D. Pa. 1994); see Alves, 2006 U.S. Dist. LEXIS 21042 at *9 ("[t]he 30 day limitation of Section 1446 whereby defendants must file or join in a notice of removal 'is mandatory and the court is without authority to expand it.'") (quoting Ogletree, 851 F. Supp. at 190).

Monaco urges this Court, in its discretion, to allow an amendment to the removal petition to cure the deficiencies in the interest of justice and judicial economy because Monaco and Plaintiffs have engaged in settlement discussions.

However, "[b]aring extraordinary circumstances, this Court is not inclined to expand the thirty-day time limitation or

permit amendments to a notice of removal after the thirty days have run." Michaels, 955 F. Supp. at 322. Despite Monaco's arguments to the contrary, this is not a case with extraordinary circumstances warranting curative amendment. See Michaels, 955 F. Supp. at 322 (allowing cure where only party challenging removal was a "nominal party"); Carter, 2001 U.S. Dist. LEXIS 2466 at * 11-12 (refusing to allow a curative amendment where party that failed to timely join notice of removal was not a nominal party).

While "it is now clear that all defendants want this case to remain in federal court, the fact that they did not comply with the notice of removal's strict statutory requirements can not be overlooked." Leuzzi, 2005 U.S. Dist. LEXIS at * 6. This conclusion is consistent with the directive that requires this Court to strictly construe the removal statutes. See Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 107 (1941); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Therefore, the case will be remanded.[2]

**Conclusion:**

For the aforementioned reasons, this case will be

---

[2] Because lack of unanimity is sufficient grounds to remand this matter, the Court need not address Plaintiff's argument that the case should be remanded because issues of state law predominate.

remanded to the Superior Court of the State of New Jersey, Camden County.  Because this Court is granting Plaintiffs' motion to remand, it will not reach the merits of Defendant's motion to dismiss Count V of Plaintiffs' Complaint, which will be dismissed as moot.

     An accompanying Order will be issued today.


Dated: <u>December 21, 2006</u>        <u>s/Renée Marie Bumb   </u>
                                      RENÉE MARIE BUMB
                                      United States District Judge